DLD-014                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3337
_____

CARLOS LATTRELL MCADORY,
Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-13-cv-00406)
District Judge:  Honorable James M. Munley
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 18, 2013
Before:  SMITH, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed:  October 31, 2013 )
_____

OPINION
_____

PER CURIAM

Carlos Lattrell McAdory, proceeding pro se, appeals the United States District

Court for the Middle District of Pennsylvania's order dismissing his petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241, and the order denying his motion to alter or

amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

Because this appeal does not present a substantial question, we will summarily affirm for principally the same reasons given by the District Court.

I.

In 2006, following a jury trial in the United States District Court for the District of Minnesota, McAdory was convicted of, inter alia, robbery in violation of the Hobbs Act. 18 U.S.C. § 1951(a). He was sentenced to multiple terms of life imprisonment. The United States Court of Appeals for the Eighth Circuit affirmed the judgment and conviction. See United States v. McAdory, 501 F.3d 868 (8th Cir. 2007).

McAdory filed a timely motion to vacate pursuant to 28 U.S.C. § 2255 that was denied. See United States v. McAdory, Civ. No. 08-6092, 2009 WL 1138646 (D. Minn. Apr. 27, 2009). The Eighth Circuit dismissed his appeal in November 2009. In October 2012, McAdory filed a motion pursuant to Federal Rules of Civil Procedure 60(b)(6) and 60(d)(1). The District Court denied the motion because McAdory had not received permission to file a second or successive § 2255 motion.

McAdory, who is currently imprisoned at the United States Penitentiary at Lewisburg, Pennsylvania, filed the underlying § 2241 petition in February 2013. In the petition, McAdory claimed that federal prosecutors violated the Tenth Amendment and federalism principles when they charged him with violation of the Hobbs Act. The District Court dismissed the § 2241 petition for lack of jurisdiction because McAdory failed to show that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his conviction. McAdory then filed a Rule 59(e) motion, requesting that the District Court alter or amend its judgment. The District Court denied the motion and

2

McAdory timely appealed, seeking review of the District Court's order denying the § 2241 petition and the order denying the Rule 59(e) motion.

## II.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). In our review of the District Court's order denying the § 2241 petition we will "exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact." O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005). We review an order denying a motion for reconsideration for abuse of discretion. Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). We may summarily affirm if the appeal presents no substantial question. See 3d Cir. LAR 27.4; I.O.P. 10.6.

## III.

Upon review, we conclude that the District Court properly dismissed McAdory's § 2241 petition. Generally, federal prisoners challenge the validity of their convictions or sentences through motions pursuant to § 2255. See Davis v. United States, 417 U.S. 333, 343 (1974). Section 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). A motion under § 2255 is not "inadequate or ineffective" simply because the petitioner cannot meet the gatekeeping requirements of § 2255. Dorsainvil, 119 F.3d at 251. However, we have held that § 2255 is "inadequate

3

or ineffective" to test the legality of a conviction where a petitioner "is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision," and where the petitioner is otherwise barred from filing a second or successive § 2255 motion. Id. at 252. In such a case, a petitioner may seek habeas relief under § 2241. Id.

Here, McAdory contended that in light of Bond v. United States, he can argue that the Hobbs Act violates constitutional principles of federalism. See 131 S. Ct. 2355, 2365-66 (2011) (holding that a criminal defendant has standing to pursue a Tenth Amendment challenge to the statute under which he was charged as an unjustifiable expansion of federal law enforcement into a state-regulated domain). However, because neither Bond nor another intervening change in the law has rendered the conduct for which McAdory was convicted non-criminal, he cannot proceed under the approach recognized in Dorsainvil.[1] See id. at 252. Further, McAdory's inability to satisfy the gatekeeping requirements of § 2255 does not render the remedy inadequate or ineffective. Dorsainvil, 119 F.3d at 251. Accordingly, the District Court properly dismissed the § 2241 petition.

---

[1] McAdory also argued for the first time in his argument in support of his appeal that in light of Boumediene v. Bush, 553 U.S. 723 (2008), and the Suspension Clause, he is entitled to pursue relief under § 2241. To the extent that this argument was not waived because it was not raised in the § 2241 petition, the argument is unavailing because the privilege of habeas corpus is available to and was utilized by McAdory. Cf. Boumediene, 553 U.S. at 736 (noting that the petitioners in Boumediene were enemy combatants that were legislatively stripped of the privilege of habeas corpus). The fact that McAdory must satisfy certain gatekeeping requirements before again pursuing relief under § 2255 does not amount to a suspension of the writ. Felker v. Turpin, 518 U.S. 651, 664 (1996).

Finally, we conclude that the District Court properly denied McAdory's motion to alter or amend the judgment pursuant to Rule 59(e). To the extent that McAdory sought to simply reargue claims previously raised, the District Court properly denied the Rule 59(e) motion. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (holding that reconsideration pursuant to Rule 59 cannot be premised on the same arguments presented in the complaint and motions). McAdory also argued that the Supreme Court's holding in McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), represented an intervening change in controlling law that entitled him to relief under Rule 59. However, in McQuiggin the Supreme Court held that the one-year statute of limitations in 28 U.S.C. § 2244(d)(1) can be overcome by a showing of actual innocence, see 133 S. Ct. at 1928, and did not affect the basis upon which McAdory's § 2241 petition was denied. Therefore, McQuiggin is inapposite, and the District Court properly denied the Rule 59(e) motion.

IV.

For the foregoing reasons, no substantial question is presented and we will summarily affirm the District Court's judgment. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); see 3d Cir. LAR 27.4; I.O.P. 10.6.

5